ACCEPTED
04-15-00010-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/13/2015 4:26:35 PM
KEITH HOTTLE
CLERK

# TAB 2

EXHIBIT INDEX

| NUMBER | DESCRIPTION | PAGE OFFERED | PAGE ADMITTED |
|--------|-------------|--------------|---------------|
| 1 | Document | 11 | 11 |
| 2 | Document | 17 | 17 |
| 3 | Document | 18 | 18 |
| 4 | Document | 29 | 29 |
| 5 | Document | 66 | 66 |
| 6 | Document | 66 | 66 |

CAUSE NO. CC-12-84

| | | |
|---|---|---|
| IN THE MATTER OF | * | IN THE COUNTY COURT |
| THE MARRIAGE OF | * | |
| | * | FILED IN<br>4th COURT OF APPEALS<br>SAN ANTONIO, TEXAS<br>6/15/2015 9:01:37 AM<br>KEITH E. HOTTLE<br>Clerk |
| PEDRO MARQUEZ, JR. | * | |
| AND | * | |
| LISA A. WATKINS | * | AT LAW OF |
| | * | |
| AND IN THE INTEREST OF | * | |
| PEDRO MARQUEZ, JR., | * | |
| JOAQUIN M. MARQUEZ AND | * | |
| MASON R. MARQUEZ | * | |
| A MINOR CHILDREN | * | STARR COUNTY, TEXAS |

ORIGINAL PETITION FOR DIVORCE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PEDRO MARQUEZ, JR., Petitioner and files this Original Petition for Divorce and would respectfully show this court as follows:

DISCOVERY

Discovery in this case is intended to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

PARTIES

This suit is brought by Pedro Marquez, Jr., whose mailing address is 4 Marquez Ranch Lane, Rio Grande City, Starr County, Texas 78582 and Lisa A. Watkins is the Respondent, and whose present mailing address is 4 Marquez Ranch Lane, Rio Grande City, Starr County, Texas 78582.

DOMICILE

Petitioner has been a domiciliary of this state for the preceding six month period and a resident of this county for the preceding 90 day period.

SERVICE

Respondent, Lisa A. Watkins will be served by personal service of citation at her address 4 Marquez Ranch Lane, Rio Grande City, Starr County, Texas 78582 or at the


PETITIONER'S EXHIBIT
#1

ORIGINAL

place of her employment at Lone Star National Bank, 305 E. Grant St., Roma Texas 78584 or where ever she may be found.

## ACKNOWLEDGEMENT OF COMMON LAW MARRIAGE AND DATE OF SEPERATION

The parties acknowledge that this is a common law marriage. Petitioner and Respondent have been holding themselves out as husband and wife since February 08, 1998 but they ceased to live together as husband and wife on or about February 17, 2012.

## GROUNDS FOR DIVORCE

The marriage has become insupportable because of discord or conflict of personalities between Petitioner and Respondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation and adultery.

## CHILDREN OF THE MARRIAGE

The Court finds that Petitioner and Respondent are the parents of the following children:

| | |
|---|---|
| NAME: | PEDRO MARQUEZ, JR. |
| SEX: | MALE |
| BIRTHDATE: | DECEMBER 12, 2000 |
| BIRTHPLACE: | KINGSVILLE, CLEVERGE COUNTY, TEXAS |

| | |
|---|---|
| NAME: | JOAQUIN M. MARQUEZ |
| SEX: | MALE |
| BIRTHDATE: | JUNE 06, 2004 |
| BIRTHPLACE: | MCALLEN, HIDALGO COUNTY, TEXAS |

| | |
|---|---|
| NAME: | MASON R. MARQUEZ |
| SEX: | MALE |
| BIRTHDATE: | OCTOBER 10, 2008 |
| BIRTHPLACE: | EDINBURG, HIDALGO COUNTY, TEXAS |

There are no court-ordered conservatorships, court-ordered guardianships, or other court-ordered relationships affecting the children.

Respondent should be appointed joint-managing conservator with all the rights, privileges, duties, and powers of a joint-managing conservator with conservatorship and

possession of and exclusive right to determine the primary residence of the children with a geographical restriction to Starr County, Texas. Further, Petitioner requests the Court to make orders for the terms and conditions of Petitioner's possessory conservatorship with all rights, privileges, duties and powers of a possessory conservator.

## DIVISION OF COMMUNITY PROPERTY

Petitioner requests the Court to order a division of the estate of Petitioner and Respondent in a manner that the Court deems disproportionate, as provided by law.

## STATEMENT CONCERNING PROTECTIVE ORDER

There is no protective order under Chapter 71 or Section 6.504 of the Texas Family Code in effect and no application for a protective order is pending with regard to the parties to this suit.

## STATEMENT CONCERNING ALTERNATIVE DISPUTE RESOLUTION

The attached statement concerning alternative dispute resolution which has been executed by Pedro Marquez, Jr. is incorporated herein by reference.

## PRAYER

Petitioner prays that the court grant a divorce and such other relief requested in the Petition. Petitioner prays for general relief.

Respectfully submitted,
The Law Office of
Hilda Gonzalez Garza, P.L.L.C.
Attorney at Law
205 East 5th St.
Rio Grande City, Texas 78582
Tel: (956) 263-1870
Fax: (956) 263-1871

By: _____
Hilda Gonzalez Garza
SBN: 00796651
Attorney for Petitioner
Pedro Marquez, Jr.

## VERIFICATION

**BEFORE ME**, the undersigned authority, on this day personally appeared Pedro Marquez, Jr., known to me to be the person whose name is subscribed to the foregoing instruments, who after being duly sworn and depose, says that the above and foregoing **ORIGINAL PETITION FOR DIVORCE** is true and correct.



Pedro Marquez, Jr.

**SUBSCRIBED AND SWORN TO BEFORE ME** on this the 24th day of February 2012, by **Pedro Marquez, Jr.**

ODILIA P. OYERVIDEZ
MY COMMISSION EXPIRES
August 6, 2014

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS
Printed Name: Odilia P. Oyervidez
Comm. Exp.: 8-6-14

## STATEMENT CONCERNING ALTERNATIVE DISPUTE RESOLUTION

"I AM AWARE THAT IT IS THE POLICY OF THE STATE OF TEXAS TO PROMOTE THE AMICABLE AND NONJUDICIAL SETTLEMENT OF DISPUTES INVOLVING CHILDREN AND FAMILIES. I AM AWARE OF ALTERNATIVE DISPUTE RESOLUTION METHODS INCLUDING MEDIATION. WHILE I RECOGNIZE THAT ALTERNATIVE DISPUTE RESOLUTION IS AN ALTERNATIVE TO AND NOT A SUBSTITUTE FOR A TRIAL AND THAT THIS CASE MAY BE TRIED IF IT IS NOT SETTLED, I REPRESENT TO THE COURT THAT I WILL ATTEMPT IN GOOD FAITH TO RESOLVE CONTESTED ISSUES IN THIS CASE BY ALTERNATIVE DISPUTE RESOLUTION WITHOUT THE NECESSITY OF COURT INTERVENTION."

Pedro Marquez, Jr.

| | | |
|---|---|---|
| ΓHE MATTER | § | IN THE COUNTY COURT IN |
| ∪F THE MARRIAGE OF | § | 4th COURT OF APPEALS |
| | § | SAN ANTONIO, TEXAS |
| PEDRO MARQUEZ, JR. | § | 6/15/2015 9:01:35 AM |
| AND | § | KEITH E. HOTTLE |
| LISA A. WATKINS | § | Clerk |
| | § | AT LAW OF FEB 29 2012 |
| AND IN THE INTEREST OF PEDRO | § | |
| MARQUEZ, III, JOAQUIN MATEO | § | ELOY R. GARCIA |
| MARQUEZ, AND MASON REY MARQUEZ, | § | DISTRICT CLERK STARR CO. TX |
| MINOR CHILDREN | § | BY _____ DEPUTY |
| | § | STARR COUNTY, TEXAS |

## RESPONDENT'S ORIGINAL ANSWER AND ORIGINAL COUNTER-PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES LISA A. WATKINS, Respondent in the above entitled and numbered cause and respectfully files this, her Original Answer, and for such answer would respectfully show unto the Court as follows:

### RESPONDENT'S ORIGINAL ANSWER

The respondent denies generally every allegation contained in the Petitioner's Original Petition for Divorce.

### RESPONDENT'S ORIGINAL COUNTER-PETITION

Respondent, now as Counter-Petitioner, brings this cross-action against Petitioner, now as Counter-Respondent, and files this petition under the Texas Family Code and to support the relief requested, shows the following:

### I. Party Allegations

LISA A. WATKINS, Counter-Petitioner, is a resident of Starr County, Texas. **PEDRO MARQUEZ, JR.**, Counter-Respondent, is a resident of Starr County, Texas. Counter-Respondent has appeared in this cause. There are no others persons who are entitled to notice in this case.

A TRUE COPY I CERTIFY
ELOY RUBEN GARCIA



**PETITIONER'S EXHIBIT**

#2

## II. Residence

Counter-Petitioner has been a domiciliary of this state for the preceding six-month period and a resident of this county for the preceding 90-day period.

## III. Marriage

The parties were married on or about February 5, 1999 and ceased to live together as husband and wife on or about December 30, 2011.

## IV. Grounds for Divorce

The marriage has become insupportable because of discord or conflict of personalities between Counter-Petitioner and Counter-Respondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation. Further, and in the alternative, Counter-Respondent has committed adultery.

## V. Children

Counter-Petitioner and Counter-Respondent are the parents of the following children of the marriage:

NAME: **PEDRO MARQUEZ, III**
SEX: Male
DOB: 12/12/2000
POB: Kingsville, Texas
POR: With Petitioner

NAME: **JOAQUIN MATEO MARQUEZ**
SEX: Male
DOB: 7/7/2004
POB: McAllen, Texas
POR: With Petitioner

NAME: **MASON REY MARQUEZ**
SEX: Male
DOB: 10/10/2008
POB: Edinburg, Texas
POR: With Petitioner

The children are not under the continuing, exclusive jurisdiction of any Court. There are no other children under the age of eighteen born or adopted during the marriage and none are expected.

## VI. Notice

No other person is entitled to notice of this proceeding.

## VII. Protective Orders

There are no protective orders in effect between or pending with regard to Counter-Petitioner and Counter-Respondent.

## VIII. Child Custody Jurisdiction

This Court has jurisdiction to make a child custody determination concerning these children in that Texas is currently the children's home state. The children do not own or possess any property other than personal effects.

## IX. Conservatorship and Child Support

Counter-Petitioner requests that, pursuant to Family Code Section 153.005, the Court appoint her as sole managing conservator of the children with Counter-Petitioner having the exclusive right to establish the domicile of the children. Petitioner further requests that Counter-Respondent be ordered to make child support payments including payments retroactive to the date of separation in the manner specified by the Court pursuant to Family Code Sections 154.001 et seq. Counter-Petitioner also requests that Counter-Respondent be required to maintain a health insurance policy for the benefit of the children.

## X. Temporary Conservatorship and Child Support

Petitioner requests that, after due notice and hearing, the Court makes temporary orders, pursuant to Family Code Section 105.001, appointing Counter-petitioner temporary managing conservator of the children and requiring Counter-respondent to make payments for the support of the children during the pendency of this suit in the manner specified by the Court.

## XI. Property Division

Counter-Petitioner requests the Court to order division of the estate of Counter-Petitioner and Counter-Respondent, in a manner that the Court deems just and right, as provided by law.

## XII. Temporary Orders

Counter-Petitioner requests that, after due notice and hearing, the Court, pursuant to the Family Code, dispense with the necessity of a bond and grant a temporary injunction and other temporary relief as requested herein, as deemed necessary and equitable by the Court for the preservation of matrimonial property and the protection of the parties, as follows:

1. Prohibiting Counter-Respondent from the following acts:

    a. Intentionally communicating with the counter-petitioner by telephone or in writing in vulgar, profane, obscene, or indecent language, or in a coarse or offensive manner, with intent to annoy or alarm counter-petitioner.

    b. Threatening counter-petitioner, by telephone or in writing, to take unlawful action against any person, intending by this action to annoy or alarm counter-petitioner.

    c. Placing one or more telephone calls, anonymously, at an unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication, with the intent to annoy or alarm counter-petitioner.

    d. Causing bodily injury to counter-petitioner.

    e. Threatening the counter-petitioner with imminent bodily injury.

    f. Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of the parties or of counter-petitioner with intent to obstruct the authority of the court to order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party;

    g. Falsifying a writing or record relating to the property of either party;

    h. Misrepresenting or refusing to disclose to Counter-Petitioner or to the Court, on proper request, the existence, amount, or location of any property of the parties or either party;

    i. Damaging or destroying the tangible property of the parties or either party;

    j. Tampering with the tangible property of the parties or either party and causing pecuniary loss or substantial inconvenience to the other.

    k. Terminating or in any other way adversely affecting the status quo of any insurance policies, such as health, life, and auto, which currently protect counter-petitioner and/or counter-respondent.

    l. Terminating or in any other way interfering with the continuous service of essential utilities, such as gas, electricity, water, and telephone, used at the home.

    m. Interfering in any way with the vehicle in Counter-Petitioner's possession.

    n. Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of Counter-Petitioner or Counter-Respondent, whether personal or realty, and whether separate or community, except as specifically authorized by order of this Court.

o. Making any withdrawal for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account.

p. Entering any safe-deposit box in the name of or subject to the control of Counter-Petitioner or Counter-Respondent, whether individually or jointly with others.

q. Opening or diverting mail addressed to Counter-Petitioner.

r. Signing or endorsing Counter-Petitioner's name on any document, negotiable instrument, check, or draft, such as deeds, tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instrument payable to Counter-Petitioner without the personal signature of Counter-Petitioner.

s. Taking any action to terminate or limit credit or charge cards in the name of Counter-Petitioner.

2. Counter-Petitioner requests such other and further orders as may be deemed necessary and equitable for the preservation of the property of the parties and the protection of the rights of the parties.

## XIII. Permanent Injunction

Counter-Petitioner requests that, after due notice and hearing, the Court, pursuant to the Family Code, dispense with the necessity of a bond and grant a permanent injunction and other relief as requested herein, as deemed necessary and equitable by the Court for the preservation of matrimonial property and the protection of the parties, as follows:

1. That Counter-Respondent be prohibited from coming on or about counter-petitioner's residence;

2. That the temporary orders and temporary injunction be made a permanent injunction; and

3. Counter-Petitioner requests such other and further orders as may be deemed necessary and equitable for the preservation of the property of the parties and the protection of the rights of the parties.

## XIV. Prayer

WHEREFORE, Counter-Petitioner requests that on final trial, the Court:

1. Order that the Counter-Respondent's Petition be denied and that he take nothing by his suit;

2. Grant Counter-Petitioner's request for a divorce;

3. Make orders regarding conservatorship, possession of and access to the children, as well as orders regarding child support as requested above;

4. Order a division of the estate of Petitioner and Respondent in a manner that the Court deems just and right;

5. Grant the temporary and permanent injunctions as requested above;

6. Award Counter-Petitioner all costs of suit together with all other and further relief to which she is entitled.

Respectfully submitted,

Lori Peterson Perez
State Bar No. 24002758
202 West Water Street
Rio Grande City, Texas 78582
Tel: (956) 488-0122
Fax: (956) 716-6448

*Attorney for Respondent / Counter-Petitioner Lisa A. Watkins*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Respondent's Original Answer and Original Counter-Petition* was sent in accordance with the Texas Rules of Civil Procedure, on this the 29th day of February 2012, to:

**The Law Office of Hilda G. Gonzalez**
700 N. Flores Street, Ste. E
Rio Grande City, Texas 78582
Tel: (956) 263-1870
Fax: (956) 263-1871

Attorney for Petitioner /
Counter-Respondent, Pedro Marquez, Jr.

Lori Peterson Perez

# IN THE DISTRICT COURT OF KLEBERG COUNTY, TEXAS
## 105TH JUDICIAL DISTRICT COURT OF TEXAS
### COUNTY COURT AT LAW

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
6/15/2015 9:01:37 AM
KEITH E. HOTTLE
Clerk

IN THE MATTER OF     §
THE MARRIAGE OF     §
    §
LISA ANN WATKINS     §    CAUSE NO. 07-290-C
AND     §
FELIX ZAMORA     §

---

## FINAL DECREE OF DIVORCE

On August 31, 2007 the Court heard this case.

### *Appearances*

Petitioner, LISA ANN WATKINS, appeared in person and through attorney of record, Guadalupe O. Mendoza, and announced ready for trial.

Respondent, FELIX ZAMORA, although duly and properly cited, did not appear and wholly made default.

### *Record*

The record of testimony was electronically tape recorded with the consent of the parties.

### *Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed. The Court finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

### *Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

---

IMOM Lisa Ann Watkins and Felix Zamora
Final Decree of Divorce
Page 1 of 3



PETITIONER'S EXHIBIT
#3

DO NOT COPY OR ALTER · This document contains security features.

## Divorce

IT IS ORDERED AND DECREED that LISA ANN WATKINS, Petitioner, and FELIX ZAMORA, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

## Child of the Marriage

The Court finds that there is no child of the marriage of Petitioner and Respondent and that none is expected.

## Division of Marital Estate

The Court finds that no community property other than personal effects has been accumulated by the parties.

IT IS ORDERED AND DECREED that the personal effects of the parties are awarded to the party having possession.

### Notice

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

### Attorney's Fees

To effect an equitable division of the estate of the parties and as a part of the division, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

### Treatment/Allocation of Community Income for Year of Divorce

IT IS ORDERED AND DECREED that, for the calendar year 2007, each party shall file an individual income tax return in accordance with the Internal Revenue Code.

IT IS ORDERED AND DECREED that for calendar year 2007, each party shall indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that each party shall furnish such information to

DO NOT COPY OR ALTER · This document contains security features.

the other party as is requested to prepare federal income tax returns for 2007 within thirty days of receipt of a written request for the information, and in no event shall the available information be exchanged later than March 1, 2008. As requested information becomes available after that date, it shall be provided within ten days of receipt.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

## Court Costs

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

## Discharge from Discovery Retention Requirement

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

## Clarifying Orders

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

## Relief Not Granted

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

Date of Judgment

SIGNED on _____

_____
JUDGE PRESIDING

IMOM Lisa Ann Watkins and Felix Zamora
Final Decree of Divorce
Page 3 of 3

DO NOT COPY OR ALTER · This document contains security features.

CAUSE NO. CC-12-84

| | | |
|---|---|---|
| IN THE MATTER<br>OF THE MARRIAGE OF | § | IN THE COUNTY COURT FILED IN<br>4th COURT OF APPEALS<br>SAN ANTONIO, TEXAS<br>6/15/2015 9:01:37 AM<br>KEITH E. HOTTLE<br>Clerk |
| PEDRO MARQUEZ, JR.<br>AND<br>LISA A. WATKINS | §<br>§<br>§<br>§ | AT LAW OF |
| AND IN THE INTEREST OF<br>PEDRO MARQUEZ, JR.,<br>JOAQUIN M. MARQUEZ, AND<br>MASON R. MARQUEZ<br>MINOR CHILDREN | §<br>§<br>§<br>§<br>§ | STARR COUNTY, TEXAS |

## DOMESTIC RELATIONS ORDER DIVIDING RETIREMENT PLAN BENEFITS

This Order is intended to meet the requirements for a "qualified domestic relations order" relating to the Teacher Retirement System of Texas, hereinafter called the "Plan," "TRS," or "System," as set forth in Chapter 804, Title 8, Texas Government Code, and in applicable TRS rules, 34 TAC §§47.1-47.16. This Order is an integral part of the Decree of Divorce signed on June 7, 2012. In compliance with those requirements, the following is specified:

1.      This Order assigns a portion of the benefits or amounts payable under the Plan to **LISA A. WATKINS** in recognition of her marital rights in **PEDRO MARQUEZ, JR.**'s benefits or amounts payable under the Plan.

2.      Participant in the Plan is **PEDRO MARQUEZ, JR.**, whose last known mailing address is 17 JM Alvarez Street, Rio Grande City, Texas and whose Social Security number is 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.

3.      Alternate Payee is **LISA A. WATKINS**, whose last known mailing address is 825 E. Ave C, Kingsville, Texas and whose Social Security number is 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.

4.      Participant and Alternate Payee were married on 2/5/99.

5.      As part of a just and right division of the estate of the parties, Alternate Payee is awarded and shall receive from the Plan a portion of each distribution of service or disability retirement benefits (whether payable to Participant or a beneficiary) and death or survivor benefits



**PETITIONER'S EXHIBIT**

4

(including distribution of the remaining balance of Participant's accumulated contributions paid as a death benefit) if, as, and when such distributions are made as provided by the Plan's governing laws and rules based on Participant's membership in, credit with, or contributions to the Plan. Alternatively, in lieu of these benefits, Alternate Payee is awarded and shall receive from the Plan a portion of the distribution of Participant's total accumulated contributions to the Plan if, as, and when such distribution is made as provided by the Plan's governing laws and rules. The term accumulated contributions" as used in this Order is defined by Section 821.001(1), Texas Government Code, or its successor statute. The portion of the distribution of benefits or total accumulated contributions that is awarded and that is to be paid to Alternate Payee shall be determined by multiplying the distribution by a fraction, which will be determined as set forth below:

Multiply 40% by a fraction, the numerator of which is the amount of a standard service retirement annuity unreduced for early retirement calculated under the retirement law and rules in effect on June 7, 2012 but using only service and salary credit that TRS determines has been acquired by Participant between February 5, 1999 and June 7, 2012 and maintained with the System as of June 7, 2012, even if Participant has not yet reached normal retirement age, the service credit is less than the minimum required to be eligible to receive a service retirement annuity, and the average salary must be calculated with fewer salary years than specified by applicable laws and rules and the denominator of which is, for distributions made after the retirement of Participant, the amount of a standard service retirement annuity unreduced for early retirement calculated under the laws and rules in effect at the time of Participant's latest effective date of retirement and based on Participant's membership in, credit with, or contributions to the System as of Participant's latest effective date of retirement. For distributions made prior to the retirement of the Participant, the denominator is the amount of a standard service retirement annuity, unreduced for early retirement, which would have been used to calculate the service retirement benefit payable if Participant had retired at the end of the month in which the distribution is authorized to be made. For the purpose of determining the amount of a normal age standard service retirement annuity which would have been used to calculate the benefit payable if Participant had retired, the Plan may calculate the annuity by using the service credit acquired and maintained by Participant. even if it is less than the minimum required to be eligible to

receive a service retirement annuity, and by using an average salary, even if it must be calculated with fewer salary years than specified by applicable laws and rules. The term "standard service retirement annuity" as used in this Order is defined by Section 824.203, Texas Government Code, or its successor statute.

Additionally, Alternate Payee is awarded and shall receive from the Plan a portion of a distribution of a special refund, if, as, and when such a distribution is made as provided by the Plan's governing laws and rules. For the purpose of this Order, a special refund is a return of deposits or contributions that should not have been made to TRS or that were based on salary that cannot be used in the calculation of TRS benefits and that are refundable under TRS laws and rules. Alternate Payee is awarded and shall receive **40%** of a special refund of deposits or contributions that were made to and maintained with TRS between February 5, 1999 and June 7, 2012 and 40% of any interest, if credited, that TRS The Teacher Retirement System of Texas is directed to disburse to Alternate Payee the portion of distributions assigned under Paragraph No. 5 of this Order, if, as, and when such distributions are made as provided by the System's governing laws and rules based on Participant's membership in, credit with, or contributions to the System, subject to the following provisions:

(a)     This Order shall not be interpreted in any way to require the Plan to provide any type or form of benefit or any option not otherwise provided under the Plan.

(b)     This Order shall not be interpreted in any way to require the Plan to provide increased benefits determined on the basis of actuarial value.

(c)     This Order shall not be interpreted in any way to require the Plan to pay any benefits to an alternate payee named in this Order which are required to be paid to another alternate payee under another order previously determined to be a qualified domestic relations order.

(d)     This Order shall not be interpreted in any way to require the payment of benefits to Alternate Payee before the retirement of Participant, the distribution of a withdrawal of contributions to Participant as authorized by the statutes governing the Plan, or any other distribution required by law.

(e)     If the Plan provides for a reduced benefit upon "early retirement," this Order shall be interpreted to require that, in the event of Participant's retirement before normal retirement age, the benefits payable to Alternate Payee shall be reduced proportionately.

(f)     This Order shall not be interpreted to require the designation of a particular person as the recipient of benefits in the event of Participant's death or to require the selection of a particular benefit payment plan or option. However, notwithstanding the

provisions of this Order, if Alternate Payee is designated as a beneficiary for any benefits payable by TRS upon the death of Participant, then Alternate Payee shall receive such payment to which she is entitled by law as beneficiary. If Alternate Payee is a joint beneficiary for a benefit, Alternate Payee shall receive the portion of the total benefit payable to the joint beneficiaries as specified in Paragraph No. 5 above; the portion of the benefit payment received by Alternate Payee as a joint beneficiary of Participant shall be credited toward satisfying the amount of the benefit payable to Alternate Payee as the alternate payee for Participant's interest. Additionally, as specified in Paragraph No. 5 above, Alternate Payee shall receive a portion of any other benefits which are payable to a beneficiary and for which Alternate Payee was not designated as a beneficiary.

(g)     In the event that, after distribution of a benefit to Participant or a beneficiary has begun, the amount of the distribution is increased or reduced by law, then the amount payable to Alternate Payee shall be increased or reduced proportionately by applying the fraction described in Paragraph No. 5 above to the increased or reduced distribution that is payable by TRS to Participant or a beneficiary.

(h)     If the Board of Trustees of the Plan has provided by rule that, in lieu of paying an alternate payee the interest awarded by a qualified domestic relations order, the Plan may pay an alternate payee an amount that is the actuarial equivalent of such interest in the form of (1) an annuity payable in equal monthly installments for the life of the alternate payee, or (2) a lump sum, then and only in that event Alternate Payee or Participant may request the Plan to make payment in this form, and the Plan is authorized to make payment in this form instead of in the manner otherwise described in this Order. This Order shall not be interpreted in any way to require the Plan to adopt such rules or to require the Plan to grant any request for payment in the form described in this provision. The determination of whether to pay an amount authorized by this provision in lieu of the interest otherwise awarded by this Order shall be at the sole discretion of the Plan. The above language notwithstanding, Alternate Payee may make an election, if authorized by Section 804.005, Texas Government Code, to receive an amount in lieu of the interest awarded by this Order that is Alternate Payee's portion of the actuarial equivalent of the Participant's accrued benefit, determined as of the date of Alternate Payee's election. When authorized, Alternate Payee may make this election in writing to TRS if Participant has not yet retired but is at least 62 years of age and eligible to retire without reduction for early age. The amount is payable to Alternate Payee in the form authorized by law and as determined by TRS. The benefit payable on behalf of Participant is reduced as required by law and as determined by TRS.

(i)     The interest of Alternate Payee is governed by Section 804.101, Texas Government Code, or its successor statute.

7.     Any amount payable by TRS, other than those payable under Paragraph No. 5 above to Alternate Payee, shall be payable directly to Participant, Participant's beneficiary, or the estate, heirs, or legatees of either, in accordance with the TRS laws and rules. If Participant,

Participant's beneficiary, or the estate of either receives any amount of a distribution that has been awarded to Alternate Payee, the recipient is designated a constructive trustee for the amount received and shall immediately transmit such amount to Alternate Payee.

8. If Alternate Payee or the estate, heirs, or legatees of Alternate Payee receive any amount of a distribution that should have been paid to Participant, Participant's beneficiary, or the estate, heirs, or legatees of either, the recipient is designated a constructive trustee for the amount received and shall immediately transmit such amount to Plan Participant or other person to whom the amount should have been paid. If Participant, Alternate Payee, or the estate, heirs, or legatees of either receive any amount of a distribution that should not have been paid by the System, the recipient is designated a constructive trustee for the amount received and shall immediately transmit such amount to the System.

9. Alternate Payee is ORDERED to report any payments received on any applicable income tax return in accordance with Internal Revenue Code provisions or regulations in effect at the time any payments are issued by TRS. The Plan is authorized to issue a Form W-2P, Form 1099R, or other applicable form on any direct payment made to Alternate Payee. Plan Participant and Alternate Payee shall allocate Participant's investment in contract in the manner established by the Internal Revenue Code and any applicable regulations.

10. Alternate Payee is ORDERED to provide the Plan prompt written notification of any changes in Alternate Payee's mailing address. TRS shall not be liable for failing to make payments to Alternate Payee if TRS does not have a current mailing address for Alternate Payee at time of payment.

11. Alternate Payee shall furnish a certified copy of this Order to TRS.

12. The Court retains jurisdiction to amend this Order so that it will constitute a qualified domestic relations order under the Plan even though all other matters incident to this action or proceeding have been fully and finally adjudicated. If the System determines at any time that changes in the law, the administration of the Plan, or any other circumstances make it impossible to calculate the portion of a distribution awarded to Alternate Payee by this Order and so notifies

the parties, either or both parties shall immediately petition the Court for reformation of the Order.

This order was signed on this the 15 day of NOV. , 2012.

Romero Molina
Honorable Judge Presiding

APPROVED AS TO FORM:

Lori Peterson Perez
Attorney for LISA A. WATKINS
Tel: (956) 488-0122

Hilda G. Garza
Attorney for PEDRO MARQUEZ, JR.
Tel: (956) 263-1870

FILED
AT 12:35 O'CLOCK P M

NOV 15 2012

ELOY R. GARCIA
DISTRICT CLERK STARR CO. TX
BY DEPUTY

NO. 07-290 C

FILED
2007 JUN 11 PM 3:31
DISTRICT CLERK
KLEBERG CTY.
BY _____ DEPUTY

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
6/15/2015 9:01:37 AM
KEITH E. HOTTLE
Clerk

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | § § § | IN THE COUNTY COURT AT LAW |
| LISA ANN WATKINS AND FELIX ZAMORA | § § § § § | DISTRICT COURT SECTION KLEBERG COUNTY, TEXAS |

## ORIGINAL PETITION FOR DIVORCE

### 1. Discovery Level

Discovery in this case is intended to be conducted under level 1 of rule 190 of the Texas Rules of Civil Procedure. No children are involved in this divorce case, and the value of the marital estate is more than zero but not more than $50,000.

### 2. Parties

This suit is brought by LISA ANN WATKINS, Petitioner. FELIX ZAMORA is Respondent.

### 3. Domicile

Petitioner has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period.

### 4. Service

Citation of Respondent by posting at the courthouse door is necessary for the reasons stated in the affidavit attached as Exhibit A.

### 5. Protective Order Statement

No protective order under title 4 of the Texas Family Code is in effect, and no application for a protective order is pending with regard to the parties to this suit.

### 6. Dates of Marriage and Separation

The parties were married on or about June 12, 1998 and ceased to live together as husband and wife on or about June 20, 1998.

### 7. Grounds for Divorce

IMOM Lisa Ann Watkins and Feliz Zamora
Original Petition for Divorce
Page 1 of 2



PETITIONER'S EXHIBIT

5

The marriage has become insupportable because of discord or conflict of personalities between Petitioner and Respondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

**8.** ***Children of the Marriage***

There is no child born or adopted of this marriage, and none is expected.

**9.** ***Division of Community Property***

There is no community property for division.

**10.** ***Prayer***

Petitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this petition.

Petitioner prays for general relief.

Respectfully submitted,

**LAW OFFICE OF GUADALUPE O. MENDOZA**
P.O. Box 969
123 North 7th St.
Kingsville, Texas 78364-0969
Tel: (361) 595-7613
Fax: (361) 516-1881

By: _____
**Guadalupe O. Mendoza**
State Bar No. 00794296
Attorney for Petitioner

IMOM Lisa Ann Watkins and Feliz Zamora
Original Petition for Divorce
Page 2 of 2

STATE OF TEXAS
COUNTY OF KLEBERG

I certify that the foregoing is a true and correct copy
of the original record on file in my office. Given
under my hand and seal of the court at my office in
Kingsville, Texas, this May 20, 2014

JENNIFER L. WHITTINGTON, DISTRICT CLERK

By _____ Deputy

CAUSE NO. CC-13-50

| IN THE INTEREST OF | * | IN THE COUNTY COURT |
| | * | |
| JULIAN PEDRO PENA | * | AT LAW |
| | * | |
| A MINOR CHILD | * | STARR COUNTY, TEXAS |

## RESPONDENT'S REQUEST TO APPOINT COURT REPORTER, FOR COURT REPORTER TO MAKE A FULL RECORD & PRESERVE ALL NOTES

**RESPONDENT, JACKIE FELIX,** asks the court to have a court reporter present and for the court reporter to make a full record of all hearings and to preserve the notes and recordings from all proceedings in this case.

## INTRODUCTION

**RESPONDENT, JACKIE FELIX,** is set for a hearing on Thursday, August 20, 2015 at 9:00 a.m. in the County Court at Law of Starr County, Texas. **RESPONDENT, JACKIE FELIX,** requests that the court reporter be present at the time of this hearing to make a full record of the hearing.

A copy of this request has been served on the court and a copy has been filed with the records of this case.

## APPOINTMENT OF OFFICIAL COURT REPORTER

Pursuant to Tex. Gov't Code §52.041, the judge of each court of record **shall** appoint an official court reporter, and this court reporter is a sworn officer of the court. Also, pursuant to the Texas Family Code § 105.003(c), "A record shall be made as in civil cases generally unless waived by the parties with the consent of the court."

S/M Inc, DALLAS, TX 1-800-648-7022

# CIVIL DOCKET

**CASE NO.** 07-290-C

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING |
|---|---|---|---|---|
| | | | | Mo. / Day / Year |
| 07-290-C | IN THE MATTER OF THE MARRIAGE OF LISA ANN WATKINS AND FELIX ZAMORA | | Divorce | June / 11 / 2007 |

FEE POOR
Vol. ____ Page ____

Pltf. Guadalupe Mendoza

vs.

Dft. ____

Jury Fee ____
Paid by ____
Jury No. ____

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
6/15/2015 9:01:37 AM
KEITH E. HOTTLE
Clerk

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page / PROCESS |
| June | 12 | 2007 | ORDER ON MOTION FOR OTHER SUBSTITUTED SERVICE signed. | | |
| | | | *[handwritten entries, illegible]* ... 0208/0359 | | 107 50 V 43 P/892-894 |
| Sept. | 5 | 2007 | FINAL DECREE OF DIVORCE entered. | | |

**PETITIONER'S EXHIBIT**

C

STATE OF TEXAS
COUNTY OF KLEBERG

I certify that the foregoing is a true and correct copy
of the original record on file in my office. Given
under my hand and seal of the court at my office in
Kingsville, Texas, this May 20, 2014

JENNIFER L. WHITTINGTON, DISTRICT CLERK

By _____ Deputy